UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER COKER, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | No. 2:20-cv-02986 |
| | : | |
| BERNADETTE MASON, | : | |
| THE DISTRICT ATTORNEY OF THE COUNTY | : | |
| OF PHILADELPHIA, and THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA, | : | |
|     Respondents. | : | |

**O P I N I O N**

Report and Recommendation, ECF No. 8 – APPROVED and ADOPTED
Habeas Corpus Petition, ECF No. 3 – DENIED

**Joseph F. Leeson, Jr.**     May 10, 2021
**United States District Judge**

## I.    INTRODUCTION

In this habeas corpus proceeding, Petitioner Christopher Coker challenges the correctness of the Pennsylvania Board of Probation and Parole's recalculation of his sentence for crimes he committed in 2003, following revocation of his parole for the commission of separate offenses in 2014. Coker also challenges the constitutionality of the Parole Board's actions under several legal theories. Coker's habeas petition was referred to Magistrate Judge Elizabeth T. Hey for a Report and Recommendation ("R&R") as to whether the petition should be granted. Judge Hey's R&R concludes that Coker is not entitled to habeas relief and recommends that his petition be denied and that no certificate of appealability be issued. Coker subsequently filed *pro se* objections in which he challenges the R&R's findings and recommendations on several grounds.

After a review of Coker's habeas petition, the R&R, and the objections thereto, and for the reasons set forth below, this Court overrules the objections, adopts the R&R, and denies the habeas petition without holding an evidentiary hearing or issuing a certificate of appealability.

## II. RELEVANT BACKGROUND[1]

### A. Coker's convictions and sentences

On July 19, 2005, after a jury trial, Coker was convicted of voluntary manslaughter and possessing an instrument of a crime, arising from the 2003 shooting death of Jermane Morgan.[2] *See Commonwealth v. Coker*, CP-51-CR-1200411-2003, at 1.[3] On August 30, 2005, Coker was sentenced to consecutive terms of imprisonment of six to twelve years for manslaughter and one to two years for possessing an instrument of a crime, followed by ten years' probation. *See id.* at 4. His original minimum and maximum dates on this sentence were August 12, 2010, and August 12, 2017, respectively. *Coker v. Pennsylvania Bd. of Prob. & Parole*, No. 376 C.D. 2018, 2018 WL 6613860, at *1 (Pa. Commw. Ct. Dec. 18, 2018).

On October 24, 2012, the Pennsylvania Board of Probation and Parole and the Department of Corrections released Coker on parole. *See* ECF No. 7-1 at 7.[4] On February 10, 2014, Coker was arrested on new charges, resulting in the issuance of a parole violation detainer on February 11, 2014. *See* ECF No. 7-1 at 11-12. On February 12, 2014, Coker's bail on the

---

[1] The Court writes for the parties and assumes their familiarity with the procedural history of this case. As such, only a basic summary is given here. However, there does not appear to be any dispute as to the case's procedural history. Similarly, the Court assumes the parties' familiarity with the factual background of the case.
[2] Consistent with the R&R, the Court here refers to this sentence, the first of the two relevant sentences, as the "2003 sentence."
[3] This citation refers to the state court docket sheet.
[4] Many of the documents related to Coker's underlying convictions and sentences were attached by Respondents in their opposition to Coker's habeas petition. The Court cites primarily to these documents as they appear on the instant docket at ECF No. 7-1.

new (2014) charges was set at $25,000/10%. *See id*. at 19. That bail was not posted, and on June 3, 2014, Coker's bail on the new charges was reduced to "ROR," release on recognizance. *See id.* However, the Parole Board then held a detention hearing and subsequently issued a decision to keep Coker detained pending a resolution of the new charges. *See Coker*, 2018 WL 6613860, at *1; ECF No. 7-1 at 19.

On January 13, 2017, Coker was convicted at trial of several of the 2014 charges, specifically, recklessly endangering another person (two counts); burglary – overnight accommodation, person present; conspiracy to commit burglary – overnight accommodation, person present; and criminal trespass – breaking into structure. ECF No. 7-1 at 44-48. On April 6, 2017, he was sentenced to 22 to 44 years' imprisonment to be served consecutively to any previously imposed sentence.[5] *See id*. at 38.

In an order dated April 24, 2017, the Parole Board recommitted Coker on the 2003 sentence as a convicted parole violator with a "Custody for Return" date of April 17, 2017. *See id*. at 77-78. He was given credit on his 2003 sentence for one day in February 2014 (February 11-12, the one day he was in custody prior to bail being set on the 2014 charges, and therefore the one day he was in custody in February 2014 solely on the parole detainer), and from June 3, 2014 (the date his bail was reduced to "ROR" and following which he was again held solely on the parole detainer) to January 13, 2017 (the date of his conviction on the 2014 charges). *See id.* This represented a period of 956 days, the total amount of time Coker was in custody solely on the parole detainer. *See id.* Coker's new maximum date on the 2003 sentence was calculated to be June 23, 2019. *See id.*

---

[5] Consistent with the R&R, the Court here refers to this sentence, the second of the two relevant sentences, as the "2014 sentence."

On June 13, 2017, Coker filed a petition for administrative review of the Parole Board's determination, arguing that his sentence was not properly credited with the time attributed to the parole detainer. *See id*. at 80. The Parole Board affirmed its decision on February 23, 2018, *see id*. at 83-84, and on March 26, 2018, Coker sought review in the Pennsylvania Commonwealth Court, *see id*. at 87-97. The Commonwealth Court affirmed the Parole Board's order denying administrative relief in a decision dated December 18, 2018. *See generally Coker v. Pennsylvania Bd. of Prob. & Parole*, No. 376 C.D. 2018, 2018 WL 6613860 (Pa. Commw. Ct. Dec. 18, 2018). In the operative part of its decision, the Commonwealth Court stated as follows:

> The Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. § 6138(a)(1). If a parolee is recommitted as a CPV, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board chooses to award credit. 61 Pa. C.S. §§ 6138(a)(2), (2.1). "When computing the time yet to be served on the original sentence, the [CPV's] street time is added to the original maximum expiration date to create a new maximum expiry." Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348, 351 (Pa. Cmwlth. 2007). Further, where a parolee is paroled from a state correctional institution and a new state sentence is imposed on him, the parolee must serve the balance of his original state sentence before serving the new sentence. 61 Pa. C.S. § 6138(a)(5)(i).
>
> In addition, "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299, 309 (Pa. 2003). Time incarcerated shall be credited to a CPV's original term only when he has satisfied bail requirements on the new offense and, therefore, remains incarcerated solely by reason of the Board's detainer. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980). When bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. Id.
>
> Here, when the Board released Coker on parole in October 2012, his original maximum sentence date was August 12, 2017. C.R. at 12. Thus, at that time, Coker had 1,753 days remaining on his original sentence. C.R. at 156. The Board provided Coker with credit totaling 956 days on his original sentence for the periods he was incarcerated solely on the Board's detainer (February 11 through February 12, 2014,

and June 3, 2014, through January 13, 2017). Id. Based on Gaito, the Board properly applied this credit to Coker's original sentence.

Subtracting the 956 days of credit from the 1,753 days remaining on Coker's original sentence at the time of his parole, results in a total of 797 days remaining on Coker's original sentence. C.R. at 156. Adding 797 days to Coker's custody for return date of April 17, 2017 results in a new maximum sentence date of June 23, 2019, as the Board properly determined. Id. Accordingly, we . . . affirm the Board's order denying administrative relief.

Id. *2-*3 (footnotes omitted). On August 12, 2019, the Pennsylvania Supreme Court denied Coker's petition for allowance of appeal. *See* ECF No. 7-1 at 153.

### B.     The instant habeas petition

On June 9, 2020, Coker filed the instant habeas petition pursuant to 28 U.S.C. § 2254. *See* ECF No. 3. Coker's petition, which is filed with an accompanying memorandum, purports to state three grounds for relief.

First, Coker argues that 956 days should have been credited to his 2014 sentence rather than to his 2003 sentence. *See id*. at 18, 25-27, 50. Here, he argues that when his bail was reduced to "ROR," it constituted only "an agreement between County and State agencies for housing purpose[s];" it was not, he contends, satisfaction of a bail requirement. *Id*. at 25. Therefore, Coker asserts that he "never satisf[ied] bail requirement[s] on his new [2014] criminal charges," and because he was incarcerated on both the parole detainer and on the new charges, the 956-day credit that was applied to his 2003 sentence should have instead been applied to his 2014 sentence. *Id.* at 26.[6]

---

[6]     Coker also argues in this portion of his objections memorandum that the Commonwealth Court was wrong to conclude that he had waived certain arguments about the constitutionality of the Board's conduct in recalculating his sentence maximum date – specifically, that the Board's actions violated principles of separation of power, due process, and double jeopardy. The Court assumes Coker is referring to footnote 4 of the Commonwealth Court's Opinion, in which that court stated that Coker's argument that "the Board violated statutory and constitutional law pursuant to the separation of powers doctrine and due process" was "waived," because "Coker

5
050721

Next Coker contends that "contract PBPP-11 set forth by the Pennsylvania Board of Probation and Parole is unconstitutional." *Id.* at 27. According to Coker, form "PBPP-11," which the Parole Board requires individuals to sign before being released on parole, is somehow invalid because "the parolee is in a duress [sic] state of min[d] at the time he or she signs the contract PBPP-11." *Id.* at 28. Therefore, according to Coker, he cannot be bound by the conditions set forth therein. *See id.*

Finally, Coker argues that his "re-computed maximum date violates Constitutional and Statutory law, under Due Process[, ] the Separation of Power [sic] Doctrine," *id.* at 28, and "Double Jeopardy," *id.* at 35. Specifically, Coker contends that "the Board does not have the power to alter a judicially imposed sentence," and any statute that purports to give the Parole Board that authority is unconstitutional. *Id.* at 28.

C. **The Report and Recommendation**

Judge Hey's R&R first addresses Coker's argument regarding the Parole Board's authority to recalculate his 2003 sentence. *See* R&R at 4-6. On this issue, Judge Hey concludes that Coker's "challenges are meritless." *Id.* at 4. She explains, in relevant part, as follows:

> Under Pennsylvania law, the Parole Board has the exclusive power "[t]o parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a correctional institution." 61 Pa. C.S.A. § 6132(a)(1)(i); see <u>Commonwealth v. Reese</u>, 774 A.2d 1255 (Pa. Super. 2001) (holding that for prisoners whose maximum sentence is two years or more, the Parole Board has exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole and may extend the expiration of any offenders' maximum sentence upon his recommitment as a convicted parole violator). Once Coker was convicted of a crime while on parole, the Parole Board was permitted to recommit him as a parole violator and to recalculate his maximum date.

---

did not raise these issues in his petition for administrative relief with the Board." *Coker*, 2018 WL 6613860, at *3 n.4. As explained below, Coker's arguments on this point are moot.

*Id*. at 4-5.

Judge Hey further observes that the Prisons and Parole Code clearly provides that individuals who commit crimes while on parole "may at the discretion of the [Parole Board] be recommitted as a parole violator," and further, in such a situation, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole." *Id*. at 5 (quoting 61 Pa. Cons. Stat. § 6138(a)). "Thus," the R&R finds, "Coker's conviction for, inter alia, recklessly endangering another person and burglary, provided ample basis for the Parole Board's revocation decision and the denial of credit for the time Coker had spent on parole." *Id*. at 6. Judge Hey moreover observes that the Third Circuit has held that (1) the Parole Board's failure to give a parolee credit for time on parole or its recalculation of a maximum sentence date does not give rise to a federal constitutional question, and (2) the Parole Board's recalculation of a maximum sentence after parole is revoked because of a subsequent crime is authorized under Pennsylvania law and does not result in the imposition of a new sentence or a constitutional violation.[7] *Id*. at 6-7 (citing *United States ex rel. Heacock v. Myers*, 367 F.2d 583 (3d Cir. 1966) and *United States ex rel. Lawson v. Cavell*, 425 F.2d 1350, 1352 (3d Cir. 1970)).

---

[7] Relatedly, as to Coker's arguments that the Parole Board's actions in revoking his parole and recalculating his maximum date on the 2003 sentence violated due process, the separation of powers, and double jeopardy, Judge Hey finds as follows:

> The Commonwealth Court rejected these arguments, finding the claims waived and meritless. Doc. 7-1 at 114-15 (Coker v. Pennsylvania Bd. of Prob. and Parole, 2018 WL 6613860, at *3 n.4 (Pa. Commw. Ct. Dec. 18, 2018)). . . . Coker has failed to identify any error in the Commonwealth Court's analysis and the Parole Board's actions are consistent with governing state statutes.

*Id*. at 8.

Turning to Coker's contention that he never met the requirements for bail on his 2014 charges, and therefore all of the time prior to imposition of his 2014 sentence should be credited to that sentence rather than to his 2003 sentence, Judge Hey finds that this argument is also without merit. She observes that at the time Coker's bail was changed to "ROR," "for purposes of state law, he was no longer considered to be in custody on the new charges, and therefore the Parole Board properly credited his 2003 sentence with the time from that date to the date he was sentenced and his bail was revoked on the 2014 sentence." *Id*. at 8.

As to Coker's final argument, that the "contract" a parolee is required to sign to be released (the "PBPP11" or "PBPP-11") is invalid or unconstitutional as it is often executed by a parolee under some form of duress, Judge Hey also finds this argument meritless. She observes that "the Parole Board has discretion to deny street time for a parolee who is recommitted based on a conviction, and requires such a denial of street time if the new crime is considered a crime of violence or requires registration as a sex offender. 61 Pa. C.S.A. § 6138(a)." *Id*. at 9. Therefore, "[b]ecause the Parole Board's authority arises from the statute rather than the form Coker signed before being paroled [the PBPP11], Coker's duress argument is inapposite." *Id*.

On these findings, Judge Hey recommends that Coker's habeas petition be denied and that no certificate of appealability be issued.

### D. Coker's objections

Coker's objections are generally difficult to understand. As to the R&R's findings relative to Coker's first claim for habeas relief – that the Parole Board erred in determining that 956 days should be credited to his 2003, rather than his 2014 sentence – Coker avers that "[t]o be honest, [he] do[es] not know what the court is referring to . . . [T]his part of the RR does not coincide with the petitioner['s] claim." Coker's Objections ("Obj."), ECF No. 13, at 2. Coker

states he "will present the same claim to this Honorable Court," *id*. at 3, and proceeds to reassert identical arguments to those raised in his petition, *see id*. at 3-5. In particular, Coker contends that the "ROR status is 'NOT' a bail requirement on the new criminal charges"; rather, "[t]his ROR status is an agreement between County and State agencies for housing purpose [sic]." *Id*. at 4. Moreover, Coker states he "never sign or acknowledge [sic] that him being move [sic] from county to a state facility was an [sic] bail requirement."[8] *Id*.

Next, Coker challenges Judge Hey's conclusion regarding his habeas claim based on the PBPP11 – the conclusion being that because the Parole Board's authority derives from a statute, 61 Pa. Cons. Stat. § 6138(a), rather than the PBPP11, his arguments are inapposite. While less than clear, Coker appears to contend that (1) 61 Pa. Cons. Stat. § 6138(a) is unconstitutional because it "violates the Sentencing Code and Crime [sic] Code," (2) it is PBPP11 that gives the Parole Board "authorization to use [ ] 61 Pa. Cons. Stat. § 6138(a) making them hand in hand," and (3) "the conditions and requirements set in PBPP-11 is [sic] the bedrock of [ ] 61 Pa. Cons. Stat. § 6138(a)." Obj. at 7.

Coker's remaining arguments address his objections to the R&R's findings as to his third claim for habeas relief – that the Parole Board does not have the authority to alter a judicially imposed sentence, and the recomputed maximum date on his 2003 sentence violates constitutional principles of due process, separation of powers, and double jeopardy. *See id.* at 8-20. Coker's analysis here is difficult to follow, but at least part of his argument intersects with his argument in the context of claim two, specifically, that 61 Pa. Cons. Stat. § 6138(a) is

---

[8] Coker also argues – again, just as he does in his habeas petition – that the Commonwealth Court was incorrect to find that several constitutional issues had been waived for not having been appealed administratively. *See id*. at 5-6.

9
050721

unconstitutional, and therefore the Board's authority under the statute is invalid. *See id*. at 14-16.

## III. LEGAL STANDARDS & APPLICABLE LAW

### A. Contested Reports and Recommendations – general principles

When timely objections to a Magistrate Judge's R&R have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a *de novo* review of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). However, a district court "[is] not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016) (citing *Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 49-50 (1st Cir. 1995)). Where objections are untimely, or general rather than specific, *de novo* review is not required. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); *see also Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013). Uncontested portions of a report and recommendation, as well portions to which untimely or general objections are made, may be reviewed under a standard determined by the district court; however, at the very least, these portions should be reviewed for "clear error or manifest injustice." *Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL 3654504, at *1 (M.D. Pa. July 8, 2016); *see Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) ("[A] district court should 'afford some level of review to dispositive legal issues raised by the report[.]' We have described this level of review as 'reasoned consideration.'" (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987))). As a general matter, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in an R&R. 28 U.S.C. § 636(b)(1)(C).

## B. Habeas corpus petitions under 28 U.S.C. § 2254 – general principles

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). Under 28 U.S.C. § 2254, which governs petitions for a writ of habeas corpus on behalf of state court prisoners, habeas relief is available to a petitioner only where a state court's determination of the merits of his claims resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." [9] 28 U.S.C. § 2254(d)(1)-(2). Section 2254 mandates that federal courts "presume" the correctness of state court factual determinations with respect to issues presented in a habeas petition. 28 U.S.C. § 2254(e)(1). The statute also states that a habeas petitioner "shall have the burden of rebutting [this] presumption of correctness by clear and convincing evidence." *Id.*; *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008) ("[A] federal habeas court must afford a state court's factual findings a presumption of correctness and that [ ] presumption applies to the factual determinations of state trial and appellate courts."); [10] *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable.").

---

[9] Section 2254 was modified by the 1996 Antiterrorism and Effective Death Penalty Act, one purpose of which was "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

[10] "[T]he § 2254(e)(1) presumption of [factual] correctness applies regardless of whether there has been an 'adjudication on the merits' for purposes of § 2254(d)." *Nara v. Frank*, 488 F.3d 187, 200-01 (3d Cir. 2007).

11
050721

In the end, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington*, 562 U.S. at 101); *see Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (explaining that § 2254 "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt").

## IV. DISCUSSION

As an initial matter, the Court finds that Coker's objections are timely. The Court also assumes, in an abundance of caution, that Coker's objections are sufficiently particular to warrant a *de novo* review of those portions of the R&R to which the objections are properly directed. *See* 28 U.S.C. § 636(b)(1)(C).

### A. Coker's arguments in support of his objections as to habeas claim one

Coker's first objection states that the R&R does not "coincide" with his first habeas claim, Obj. at 2, and argues, just as his habeas petition does, that "ROR status is 'NOT' a bail requirement on the new criminal charges," *id*. at 4. According to Coker, because the change of his bail status to "ROR" did not constitute a satisfaction of his bail requirements for the 2014 charges, "the custody time of 956 days that's in question should be applied to his new sentence." *Id*. at 3.

Contrary to Coker's assertion, Judge Hey's analysis and findings do "coincide" with Coker's first claim for habeas relief. On pages 8 and 9 of the R&R, Judge Hey discusses Coker's "theory [ ] that he never met the bail requirements for the 2014 charges, and therefore he never started to earn time credit toward his 2003 sentence after his arrest." R&R at 8. Judge Hey finds that at the point Coker's bail was changed to "ROR," "for purposes of state law, he was no

12
050721

longer considered to be in custody on the new charges, and therefore the Parole Board properly credited his 2003 sentence with the time from that date to the date he was sentenced and his bail was revoked on the 2014 sentence." *Id*. Judge Hey therefore concludes that "there is no error in the Commonwealth Court's analysis of Coker's claim." *Id*. She also finds that Coker "offers no support" for his theory that a bail status of "ROR" does not constitute a satisfaction of his bail requirements on the more recent charges, which would lead his credit of custody time to be applied to his sentence on these charges as opposed to his 2003 sentence. *Id*. at 9 n.7.

As to the merits of Judge Hey's analysis and findings, this Court fully agrees with the R&R. Coker provides no support for his contention that "ROR" does not constitute a satisfaction of bail requirements. His assertions on this point are purely conclusory and conflict with common sense: when Coker was released on his own recognizance, it seems any requirements relative to his bail on the new charges were necessarily satisfied, as no requirements remained. Even if the change in Coker's bail status to "ROR" was purely administrative and the change was only made so he could be transferred from county to state custody "for housing purpose[s]," as he argues, it is not apparent how this would change the analysis. Indeed, that no bail requirements remained once Coker's bail status was "ROR" is the dispositive issue.

Judge Hey is also correct that the Commonwealth Court did not err in holding that once no bail requirements remained relative to Coker's 2014 charges, Coker was incarcerated solely on the parole violation detainer, and the subsequent period of incarceration was correctly credited to his 2003 sentence. *See generally Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).

However, more fundamentally, a habeas petition is not an appropriate vehicle to challenge the reasonableness of a state court's application of state law. Habeas relief is only

13
050721

available to Coker if he can show he is incarcerated based on a state court determination that is (1) "contrary to, or involved an unreasonable application of, clearly established *Federal law*, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the *facts* in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2) (emphasis added). In his first claim for habeas relief, Coker does not allege either a misapplication of clearly established federal law or an unreasonable factual determination by the Commonwealth Court. Indeed, the Commonwealth Court's relevant determinations – (1) that once Coker's bail status was changed to "ROR," his bail conditions were satisfied and he was being held solely on the parole detainer, and (2) that the Parole Board correctly calculated and applied 956 days of credit time to his 2003 sentence – required application of Pennsylvania statutory law exclusively; these determinations implicate neither clearly established federal law nor contested facts. Therefore, while Coker's arguments in support of his first habeas claim lack merit, more importantly they are not cognizable under 28 U.S.C. § 2254.[11]

Coker's objections to the R&R as to his first claim for habeas relief are overruled. The R&R is adopted with respect to this claim.

### B. Coker's arguments in support of his objections as to habeas claim two

Coker next challenges Judge Hey's conclusion that because the Parole Board's authority derives from a statute rather than the PBPP11, his arguments in support of his second claim for

---

[11] Coker's objections arguing that the Commonwealth Court was wrong to conclude that he waived several of his underlying constitutional claims (which objections appear in the portion of his objections memorandum addressing claim one), are moot. The R&R addresses these arguments in the context of Coker's third claim for habeas relief and finds them to be without merit, as explained further below. Indeed, the Commonwealth Court found that "even if not waived, Coker's arguments lack merit." *Coker v. Pennsylvania Bd. of Prob. & Parole*, 2018 WL 6613860, at *3 n.4 (Pa. Commw. Ct. Dec. 18, 2018).

habeas relief are inapposite. Coker's objections contend that (1) 61 Pa. Cons. Stat. § 6138(a) is unconstitutional because it "violates the Sentencing Code and Crime [sic] Code," (2) it is PBPP-11 that gives the Parole Board "authorization to use [ ] 61 Pa. Cons. Stat. § 6138(a) making them hand in hand," and (3) "the conditions and requirements set in PBPP-11 is [sic] the bedrock of [ ] 61 Pa. Cons. Stat. § 6138(a)." Obj. at 7.

While these contentions are by no means clear, the Court need not engage them. Coker's habeas petition does not appear to have asserted these arguments in the context of the PBPP11, which is the basis of Coker's second habeas claim.[12] Consideration of arguments raised for the first time in an objection to a Report and Recommendation is improper, and such arguments are deemed waived. *See Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." (citing E.D. Pa. Local R. Civ. P. 72. 1.IV(c))); *Kightlinger v. Pennsylvania*, No. CIV.A. 11-936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013) (explaining that consideration of issues raised for the first time in an objection to a report and recommendation "would reduce the proceedings before the magistrate[ ] Judge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges").

Because these objections are improper, the Court has reviewed the R&R relative to Coker's second habeas claim for clear error and finds none. *See Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). Coker's objections as to

---

[12] To the extent these arguments are raised in the context of Coker's third claim for habeas relief, they are discussed below.

habeas claim two are overruled, and the R&R's findings and conclusions as to this claim are adopted.

C. **Coker's arguments in support of his objections as to habeas claim three**

In his final sets of objections, Coker argues that the recomputed maximum date on his 2003 sentence, and the authority the Parole Board possesses under Pennsylvania law to do as much, violate constitutional principles of due process, separation of powers, and double jeopardy. *See* Obj. at 8-20. As with his other objections, his objections here are without merit.

As Judge Hey observes, "[u]nder Pennsylvania law, the Parole Board has the exclusive power '[t]o parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a correctional institution.'" R&R at 4-5 (quoting 61 Pa. Cons. Stat. § 6132(a)(1)(i)). Judge Hey moreover observes that under the Parole Code, 61 Pa. Cons. Stat. § 6138(a), Coker's conviction of the 2014 charges provided a sufficient basis to recommit him as a parole violator and recalculate the maximum date on his original sentence. *See id*. at 4-5. These findings are correct as a matter of law: the Parole Board acted appropriately and with sufficient justification under Pennsylvania law.

However, as the Court observed in the context of Coker's first habeas claim, a petition for habeas corpus relief is only appropriate where an individual alleges a violation of federal law; allegations of a misapplication of state law exclusively are not cognizable under 28 U.S.C. § 2254. Here, unlike his first claim for habeas relief, Coker has alleged he was incarcerated in violation of federal constitutional principles. Specifically, he alleges that the authority granted to the Parole Board under 61 Pa. Cons. Stat. § 6132(a) – under which the Board recommitted Coker as a parole violator, applied credit time to his 2003 sentence as opposed to his 2014 sentence,

and recalculated his maximum sentence date – runs afoul of separation of powers, due process, and double jeopardy principles. He has therefore met the threshold requirement for habeas relief. Yet the Court agrees with Judge Hey's findings as to these arguments and her ultimate conclusion: they are entirely without merit.

Judge Hey concludes, after a thorough analysis, that the authority granted to the Board under 61 Pa. Cons. Stat. § 6132(a) does not implicate any federal constitutional rights. *See* R&R at 6-7. Judge Hey is correct. "[T]he Parole Board's jurisdiction to conduct revocation proceedings has been implicitly accepted by the United States Supreme Court. . . . [A]ny challenge to the authority of the [Parole Board's] to revoke Petitioner's parole and impose and extend the expiration of his original maximum sentence is wholly without merit." *Markel v. Pennsylvania Bd. of Prob. & Parole*, No. 1:CV-12-1691, 2014 WL 1818076, at *4 (M.D. Pa. May 7, 2014) (citing generally *Pennsylvania Board of Probation and Parole v. Scott,* 524 U.S. 357 (1998) (considering a constitutional challenge to Parole Board's revocation of parole without questioning the Board's jurisdiction to do so)). As the R&R points out, the Third Circuit has also spoken on the issue and found no constitutional issue with the authority granted to the Board by statute. *See U. S. ex rel. Lawson v. Cavell*, 425 F.2d 1350, 1352 (3d Cir. 1970) ("[A]ll that the Board did was to revoke [petitioner's] parole because of his subsequent crimes and require him to serve the remainder of his maximum sentence for murder. This the Board was authorized to do by the Pennsylvania law . . . ."); *U. S. ex rel. Heacock v. Myers*, 251 F. Supp. 773, 774 (E.D. Pa. 1966) ("Certainly a state is not precluded by the Federal Constitution from giving paroled convicts an added inducement to 'go straight' by retaining the ability to recommit them for crimes they commit while on parole. No constitutional question is involved in the Parole Board's failure to give [petitioner] credit for time on parole and its adjustment of the expiration

17
050721

date of his new maximum." (citing *Zerbst v. Kidwell*, 304 U.S. 359, 363 (1938))), *aff'd*, 367 F.2d 583 (3d Cir. 1966); *cf. Miles v. Moyle*, No. 1:20-CV-2240, 2020 WL 7516666, at *6 (M.D. Pa. Dec. 2, 2020) ("[F]ederal courts have expressly considered this provision of state law [61 Pa. Cons. Stat. § 6138(a)], which permits the recalculation and extension of maximum release dates for offenders who commit new crimes and violate the terms of their parole, and have held that [n]o [federal] constitutional question is involved in the Parole Board's failure to give [petitioner] credit for time on parole and its adjustment of the expiration date of his new maximum." (quotation marks omitted)), *report and recommendation adopted*, No. 3:20-CV-2240, 2020 WL 7491362 (M.D. Pa. Dec. 21, 2020).[13]

Because the authority of the Parole Board, as granted to it under Pennsylvania law, does not implicate or violate any federal constitutional interests, Coker's objections on this point, as well as his underlying habeas claim, are without merit. These objections are overruled and the R&R's findings and conclusions as to habeas claim three are adopted.

### D. There is no basis for a certificate of appealability

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the denial of a habeas petition is based on procedural grounds and the Court does not reach the underlying constitutional claim, "a COA

---

[13] Indeed, the Commonwealth Court pointed out the same in detail in its Opinion denying Coker's appeal, *see Coker*, 2018 WL 6613860, at *3 n.4, although this was not the basis for the Court's denial of the appeal.

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In the Court's view, Coker has failed to demonstrate that reasonable jurists would disagree over whether he is entitled to habeas relief. His habeas claims are clearly without merit. As a result, Coker is not entitled to the issuance of a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above, the Court overrules the objections to Judge Hey's R&R and adopts the R&R's findings, conclusions, and recommendations in their entirety. Coker's petition for habeas corpus relief therefore is denied. The Court declines to issue a COA or hold an evidentiary hearing.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge